IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vanessa Richardson El, ) | Case No. 2:22-cv-3008-RMG |
| ) | |
| Appellant, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| LoanCare, LLC; ) | |
| ) | |
| Appellee. ) | |

This matter comes before the Court on an appeal of an order of the United States Bankruptcy Court dismissing an adversarial proceeding brought in Appellant's name by a non-attorney, Bakha Yawuti El ("Mr. El"), as power of attorney for Appellant.[1] The Bankruptcy Court issued a rule to show cause requiring the Appellant to appear before the Court to demonstrate why the proceeding should not be dismissed because a power of attorney who is not a licensed attorney may not serve as counsel for a plaintiff in a federal court proceeding. A hearing on the rule to show cause was conducted on June 21, 2022, in which Mr. El appeared on Appellant's behalf but Appellant did not appear as instructed by the Bankruptcy Court. At the conclusion of the show cause hearing, the Bankruptcy Court gave Appellant until July 1, 2022 to make an appearance or to have an attorney appear on her behalf. (Dkt. No. 1 at 4).

Appellant made no appearance and no licensed attorney appeared on her behalf. On July 6, 2022, Mr. El filed a motion on behalf of Appellant indicating he held a power of attorney from Appellant and was thus entitled to represent Appellant under Rule 17(c) of the Federal Rules of

---

[1] The bankruptcy proceeding was filed in the United States Bankruptcy Court, District of South Carolina, under the name of Vanessa Shevell Richardson. C.A. No. 22-00542. This appeal was, however, filed under the name Vanessa Richardson El, a variation of a person's given name often associated with the Moorish Sovereign Citizens Movement.

-1-

Civil Procedure. Mr. El asked the Court to appoint a guardian *ad litem* for Appellant.[2] The Bankruptcy Court ruled that an appointment under Rule 17(c) for an incompetent person does not permit a non-attorney to serve as counsel for a party in an adversarial federal court proceeding. Since Mr. El and no other person licensed as an attorney made an appearance on Appellant's behalf and she did not personally appear, the Bankruptcy Court dismissed the pending adversary proceeding. (*Id.* at 7-8).

The Bankruptcy Court's order dismissing the adversarial proceeding was thereafter appealed to the United States District Court. The matter was referred to the Magistrate Judge for preliminary processing. The Magistrate Judge issued a Report and Recommending ("R & R") on February 6, 2023 recommending that the order of the Bankruptcy Court be affirmed and the pending bankruptcy proceeding be dismissed because a non-attorney cannot represent a party as counsel of record in a federal court proceeding. (Dkt. No. 18). An objection was filed to the Magistrate Judge's R & R asserting that the order requiring a licensed attorney to represent Appellant defied "good reason and good conscience." (Dkt. No. 22 at 2).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

[2] The Bankruptcy Court did not appoint a guardian for Appellant since there was no basis to determine whether she was, in fact, an incompetent person. The Bankruptcy Court also noted that it made no finding regarding the validity of the power of attorney presented by Mr. El. (Dkt. No. 1 at 3 n. 2).

Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

It is well settled that that in "all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . 28 U.S.C. § 1654. A person not licensed as an attorney cannot serve as counsel for a party, regardless of whether that non-attorney representative has received a power of attorney from a party or that a person has been appointed under Rule 17(c) as a representative of an incompetent person. As the Second Circuit explained in *Berrios v. New York City Housing Authority*, 564 F.3d 130, 134 (2nd Cir. 2009):

> The fact that a minor or incompetent person must be represented by a next friend, guardian *ad litem*, or other fiduciary does not alter the principle embodied in § 1654 that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel. If the representative of the minor or incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation.

The Court finds that the Bankruptcy Court and the R & R of the Magistrate Judge correctly applied the law in this matter and properly ruled that Mr. El, a non-attorney representative, cannot conduct an adversarial proceeding on behalf of Appellant and that the adversarial action is properly subject to dismissal. The decision of the Bankruptcy Court in this matter (Dkt. No. 1 at 3-8) is **AFFIRMED**.[3]

**AND IT IS SO ORDERED**.

---

[3] The Bankruptcy Court's order dismissing the adversary proceeding can also be found on the ECF of the Bankruptcy Court for the District of South Carolina, C.A. No. 22-542, Dkt. No. 20.

                                                    s/ Richard Mark Gergel
                                                    Richard Mark Gergel
                                                    United States District Judge

March 30, 2023
Charleston, South Carolina

-4-